The document below is hereby signed.

Signed: August 18, 2019



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SONYA LARAYE OWENS, | ) | Case No. 19-00489 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO RECONSIDER DISMISSAL

The debtor has filed an *Expedited Motion to Vacate Order* (Dkt. No. 41) wherein the debtor is seeking to have the *Order Granting Relief from the Automatic Stay to Permit Eviction Action to Proceed* (Dkt. No. 31) vacated. That motion will be denied.

I

The debtor initiated this case by the filing of a voluntary petition under chapter 11 of the Bankruptcy Code on July, 19, 2019. The court held a hearing on August 1, 2019 on the *Emergency Motion for Declaratory Order Stating Reliance's Judgment is Not Subject to the Automatic Bankruptcy Stay, Motion to Shorten the Time to Respond to this Motion & Motion to Enjoin Owens from Future Filings* (the "*Emergency Motion*") (Dkt. No. 21), read as a motion to lift the automatic stay, filed by Reliance

Group, LLC ("Reliance Group"), wherein Reliance Group asserted that it owned the property located at 1325 Ingraham Street, NW, Washington, D.C. 20011 (the "Proptery").  Reliance Group contended that on December 17, 2015, the Superior Court of the District of Columbia entered a judgment in favor of the Bank of America, N.A., permitting the foreclosure sale of the Property.  The foreclosure sale took place on February 21, 2017, and was ratified by the Superior Court on March 25, 2018.  The deed was executed on March 26, 2018, whereby Reliance Group became the owner of the Property.  Reliance Group filed a Complaint for Possession of the Property in the Superior Court on March 7, 2019, and the Superior Court entered a nonredeemable judgment for possession in favor of Reliance Group on May 15, 2019, and an eviction was scheduled for July 19, 2019.  The eviction was stayed by the debtor's filing the above-captioned bankruptcy case.  Reliance Group sought to have the automatic stay lifted so it could proceed with the eviction of the debtor from the Property.

   The debtor filed a *Motion for Continuance of Hearing* (Dkt. No. 30) wherein she sought to have the hearing continued, because she only had 24 hours notice of the August 1, 2019, hearing, but also wherein she presented her opposition to the *Emergency Motion*.  As part of her opposition, the debtor contended that she had filed a petition initiating a bankruptcy case on February 21,

2017, the date of the foreclosure sale, that initiated an automatic stay, and thereby nullified the sale. Moreover, she asserted, the sale was null because Bank of America never recorded a certificate of mediation pursuant to D.C. Code § 42-815(b). The debtor also contended that the Superior Court case had been removed to the U.S. District Court for the District of Columbia, and proceedings in the Superior court case were stayed. The debtor additional argued that Reliance Group had assigned its ownership of the Property to Eagle Bank.

At the hearing on August 1, 2019, the court considered the *Emergency Motion* and the *Motion for Continuance of Hearing*. The court rejected all of the debtor's arguments for the reasons stated at the hearing, in the *Order Denying Motion to Continue Hearing* (Dkt. No. 32), and in the *Order Granting Relief from the Automatic Stay to Permit Eviction Action to Proceed*. The debtor filed her *Expedited Motion to Vacate Order* two days later on August 3, 2019.

II

The debtor filed her *Expedited Motion to Vacate Order* within 14 days after entry of the court's order dismissing the case. Accordingly, the motion will be considered under Fed. R. Civ. P. 59(e), made applicable by Fed. R. Bankr. P. 9023. Under Rule 59(e), a court may reconsider a final order if the "court finds that there is an intervening change of controlling law, the

availability of new evidence, or to correct a clear legal error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Such motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.C. 2001).

The debtor has not met the burden of Rule 59 to vacate the *Order Granting Relief from the Automatic Stay to Permit Eviction Action to Proceed*. The debtor's *Expedited Motion to Vacate Order* presents the same arguments she already made to the court in her *Motion for Continuance of Hearing* including: first, she only had 24 hours notice of the hearing; second, Reliance Group had assigned its ownership interest to Eagle Bank; and third, the case had been removed to the District Court. The court has already considered and rejected all these arguments.

The court found that Reliance Group had issued notice of the August 1, 2019, hearing on July 25, 2019. The court also found that the debtor had time to file an opposition against Reliance Group's *Emergency Motion*. Additionally, the court found that it was bound by the rulings of the Superior Court under the *Rooker-Feldman* doctrine, meaning the debtor was no longer the owner of the property, and there was no bankruptcy purpose served by keeping the automatic stay in place. Therefore, the court held that the debtor had not presented grounds for continuing the

4

hearing.

The court considered the Assignment of Leases, Rents, and Profits, attached to the debtor's *Motion for Continuance of Hearing* and held that the document was a security instrument, not an assignment of ownership. The document, as the debtor points out in her *Expedited Motion to Vacate Order*, laid out the conditions of the agreement:

> As a condition to making the Loan, to the extent applicable to the Real Property, Noteholder has required an assignment of all leases, rental agreements, franchise agreements, subleases, concessions and licenses of or relating to the Real Property or any part thereof, now or hereafter existing and all amendments or modifications thereto ("Leases"), an assignment of all the rents, issues, revenues, income, deposits, cash and profits now or hereafter arising from the Leases, from the transfer or sale of the Real Property or any part thereof, or from the use of Real Property or any part thereof ("Rents and Profits"); and an Assignment of all permits, certificates, licenses, bonds, and plats, including but not limited to special use permits, building permits, business licenses, operation permits, franchise licenses, certificates of occupancy, site plans, subdivision plats, performance bonds, completion bonds and payment bonds, zoning permits, zoning waivers, and variances in connection with the Real Property (collectively, the "Permits") and Assignor has agreed to same, upon the terms and conditions set forth herein.

As is clearly indicated, all that was assigned were leases, rents, profits, and permits on the Property, *not* ownership.

The court stated at the August 1, 2019, hearing, and again in its *Order Granting Relief from the Automatic Stay to Permit Eviction Action to Proceed*, that while the Superior Court case had been removed to the District Court, the District Court

5

remanded the case on July 24, 2019.  Additionally, if the Superior Court had violated 28 U.S.C. § 1446(d) by the setting of an August 2, 2019, status hearing on July 19, 2019, the date the notice of removal had been filed (which the court held was not a violation of the § 1446(d) because the setting of the hearing was not an act to "proceed" in the eviction action), such voilation was cured by the resetting of the hearing, and notice served, on July 25, 2019, after the case had been remanded by the District Court.

The only new argument the debtor presents is that, the filing of this case in chapter 11 provided the bankruptcy estate with a possessory interest in property not held by the debtor at the commencement of the proceeding, with the debtor citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 207 (1983).  Besides that fact that this is not new law, to constitute an "intervening change of law," nor is it new evidence, the debtor's argument is flawed.  The Supreme Court was discussing the extent of turnover under 11 U.S.C. § 542 of property seized by a creditor before the commencement of the case.  The court held that the Bankruptcy Code granted to the bankruptcy estate property that had been seized by a creditor in which the debtor still maintained an equitable or legal interest, if not a possessory interest, at the time of the commencement of the bankruptcy case.  This does not mean that the debtor's estate here has an interest in the

Property, where the debtor no longer has a legal or equitable interest in the Property, even though the debtor retains possession of the Property.

Finally, the debtor's *Expedited Motion to Vacate Order* is moot. The case was dismissed on August 6, 2019 (*see* Dkt. No. 44) for the debtor's failure to pay the filing fee and to timely file a mailing matrix. The automatic stay was lifted upon the dismissal of this case, and even if the court were to vacate its order, there is no longer an automatic stay in place to prevent Reliance Group from proceeding to enforce its eviction judgment against the debtor.

### III

For all these reasons, it is

ORDERED that the debtor's *Expedited Motion to Vacate Order* (Dkt. No. 41) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notifications of filings.