The document below is hereby signed.

Signed: August 18, 2019



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SONYA LARAYE OWENS, | ) | Case No. 19-00489 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
<u>DENYING APPLICATION FOR WAIVER OF APPEAL FEES AND COSTS</u>

The debtor has filed a notice of appeal (Dkt. No. 51) of "All Orders, Judgements, or Decrees on July 29 and August 1, 2019." Additionally, the debtor filed _Plaintiff's Waiver Application to Proceed Without Prepaying Fees or Costs_ (Dkt. No. 50), wherein the debtor seeks a waiver from paying the appeal filing fee. The court will deny the debtor's request for waiver of the fee without prejudice to the debtor's right to renew his request in the District Court as the appellate court.[1]

---

[1] The debtor is free to seek relief under § 1915(a) from the District Court as the appellate court even though this court has denied § 1915(a) relief. _See Wooten v. District of Columbia Metropolitan Police Dept._, 129 F.3d 206, 207 (D.C. Cir. 1997) ("Under Rule 24(a), if a district court denies a litigant leave to appeal in forma pauperis, the litigant may file a motion in the court of appeals to proceed in that status within 30 days after service of notice of the district court's action.").

Pursuant to § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The court finds that the debtor's appeal is entirely without merit, and the court thus certifies that the appeal is not taken in good faith. It follows that, even though this court has the power to waive fees under 28 U.S.C. § 1915(a), this court ought not grant the application to proceed with this appeal *in forma pauperis* in accordance with § 1915(a)(3).[2] It is

ORDERED that the debtor's motion for a waiver of costs (Dkt. No. 74) is DENIED without prejudice to renewal of the debtor's request in the district court. It is further

ORDERED that the clerk shall transmit a copy of this order to the clerk of the district court so that the district court is aware of the debtor's failure to comply with Rule 8001(a), which requires that a notice of appeal be accompanied by the prescribed

---

[2] Courts are divided regarding whether a bankruptcy court has the power to grant a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. I view bankruptcy courts as authorized to act on motions under 28 U.S.C. § 1915. That provision authorizes the waiver of fees by "any court of the United States." Bankruptcy courts are not included in the definition of a "court of the United States," but I view that as irrelevant because the district court is a court of the United States, and by way of referral under 28 U.S.C. § 157(a), the bankruptcy court exercises, in the first instance, the power of the district court to act on such an application. *See In re Yelverton*, No. 09-00414, 2013 WL 6038243, at *2 (Bankr. D.D.C. Nov. 14, 2013). *See also In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 105 (3d Cir. 2008); *but see Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 893-96 (9th Cir. 1992).

fee.

                                                [Signed and dated above.]

Copies to: Debtor; Office of United States Trustee.